### SPROULE v. GULDEN.

(Supreme Court, Appellate Term. November 24, 1908.)

MASTER AND SERVANT (§ 8*)—CONTRACT OF EMPLOYMENT.

Plaintiff, having been employed by defendant as a nurse for two weeks, at $15 a week, had a conversation with defendant in which he expressed the hope that plaintiff would remain. She replied that she could cancel her summer plans then if plaintiff wished, which he said he did, and that there would be no difficulty about salary; plaintiff refusing to remain for the same amount for which she had been working. *Held*, that such conversation established merely an indefinite hiring, terminable at will, and not a contract of employment for a definite period.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 8; Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Kate M. Sproule against Charles Gulden. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Thomas W. Butts, for appellant.

G. S. Mulliner, for respondent.

PER CURIAM. On last May 3d the plaintiff, a nurse, engaged to go as attendant with the wife of the defendant for two weeks, at $15 a week. Her employment was terminated by the defendant on June 6th. She claims and has recovered as if an agreement of employment at $25 weekly until September 1st arose from a conversation with the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant, who went down to see his wife May 12th, of which talk she narrates:

"I said: 'Mr. Gulden, I will ask you to be careful in your choice of nurses.' He instantly turned to me, and said: 'Miss Sproule, I hope that you have not anything which will prevent your remaining with Mrs. Gulden.' I said: 'Mr. Gulden, I can cancel my summer plans at this point if you wish it.' He said he wished it. I said: 'Mr. Gulden, I cannot consent to remain at the salary I came down on, 15 per week.' He said: 'Miss Sproule there will be no difficulty about that.' I said: 'Of course, Mr. Gulden, I shall fulfill my engagement with Mrs. Snedecker for two weeks. I came down for two weeks.' "

Accepting all this and disregarding the contradictions of the plaintiff's testimony, of circumstances, and of her own utterances elsewhere, besides the disparagement of anything the plaintiff might say by reason of an impertinent and threatening letter written by her, her story makes out, after the lapse of the first fortnight, but an indefinite hiring terminable at will. Moreover, the amount awarded is excessive on any theory. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.